John Marshall, Esq. (SBN 172470)
D. SCOTT CARRUTHERS, APLC
8448 Katella Avenue/PO Box 228
Stanton, California 90680
Email: jmarshall@dsclaw.com
Telephone: (714) 761-3976
Fax: (714) 761-1754

Attorney for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAUREEN GOLUB, an individual, | Case No. |
| Plaintiff, | |
| vs. | **DECLARATION OF JOHN MARSHALL IN SUPPORT OF THE DEFENDANTS' NOTICE OF REMOVAL** |
| ALL SPORTS BAR, INC., a California corporation; DAVID GRIFFIS, an individual; LAURIE CARTER, an individual, AND DOES 1 THROUGH 10, INCLUSIVE, | |
| Defendants. | |

## DECLARATION OF JOHN MARSHALL

1.     I, John Marshall, declare:

2.     I am an attorney at law admitted to practice before all courts of the State of California and before this Court.  I am counsel for Defendants in this action.

3.     All matters set forth herein are of my own personal knowledge, and if called and sworn as a witness herein, I could and would competently testify thereto.

1

4.     The matter styled Maureen Golub vs. Allsport Sports Bar, Inc., a California Corporation; David Griffis, an individual; and Laurie Carter, an individual was filed on August 13, 2015 in the Superior Court of the State of California, County of Orange.

5.     Plaintiff alleges Causes of against Defendants for employment discrimination, harassment, and retaliation in violation of state and federal statutes. Specifically Plaintiff alleges in her 9th cause of action retaliation in violation of the Federal Family Medical Leave Act of 1993.

6.     Plaintiff alleges Causes of against Defendants for employment discrimination, harassment, and retaliation in violation of state and federal statutes. Specifically Plaintiff alleges in her 9th cause of action retaliation in violation of the Federal Family Medical Leave Act of 1993.

7.     This Court, therefore, has original jurisdiction over this action pursuant to 28 U.S.C. § 1331.

8.     This Notice of Removal is filed within thirty (30) days of this action becoming removable, and therefore removal is timely.

9.     This action is properly removed to the United States District Court for the Central District of California, because this matter was originally filed in the Superior Court of the State of California, County of Orange, which lies geographically within this District.

10.    A true and correct copy of the Complaint received by Defendants is attached hereto as Exhibit 1.

11.    A copy of this Notice will be filed with the Clerk of the Superior Court of the State of California, County of Orange, and served on Plaintiffs. See 28 U.S.C. § 1446(d).

12.    Copies of the Defendants' disclosure statements will be filed in accordance with Federal Rule of Civil Procedure 7.1.

13.    No previous application has been made for the relief requested in this

2

DECLARATION IN SUPPORT OF REMOVAL

removal.

14.   All defendants consent to this removal.

15.   Thus, all procedural requirements for removal have been satisfied.

16.   If any question arises as to the propriety of the removal of this action, the Defendants respectfully request the opportunity to present a brief and oral argument in support of their position that this case is removable.

17.   The Defendants respectfully remove this action from the Superior Court of the State of California, County of Los Angeles to the United States District Court for the Central District of California.

I declare under penalty of perjury under the laws of the United States of America, that the foregoing is true and correct.

Executed this 4th day of December, 2015 at Stanton, California.


*/s/ John Marshall, Esq.*

_____

John Marshall, Declarant

DECLARATION IN SUPPORT OF REMOVAL

EXHIBIT "1"

_PejahAMesriani.com_

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**08/13/2015** at 02:35:43 PM

Clerk of the Superior Court
By Rita Strom, Deputy Clerk

1  RODNEY MESRIANI (SBN 184875)
2  PEGAH SHARIFI (SBN 290260)
   MESRIANI LAW GROUP
3  A PROFESSIONAL LAW CORPORATION
   510 Arizona Avenue,
4  Santa Monica, CA 90401
   Tel:   (310) 826-6300
5  Fax:   (310) 820-1258

6  Attorneys for Plaintiff MAUREEN GOLUB

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    FOR THE COUNTY OF ORANGE

10

11 | MAUREEN GOLUB, an Individual; | CASE NO. | 30-2015-00804277-CU-WT-CJC |
   |                               |          | Judge Linda Marks |

12          Plaintiff,                    **COMPLAINT FOR:**

13     v.

14 ALLSPORT SPORTS BAR, INC., a           1. **PREGNANCY DISCRIMINATION;**
   California Corporation; DAVID GRIFFIS,  2. **PREGNANCY HARASSMENT;**
15 an Individual; LAURIE CARTER, an        3. **FAILURE TO ACCOMMODATE**
   Individual; and DOES 1 through 25,         **PREGNANCY;**
16 Inclusive,                             4. **FAILURE TO ENGAGE IN THE**
                                             **INTERACTIVE PROCESS OF**
17                                           **ACCOMMODATION OF**
                                             **PREGNANCY;**
18          Defendants.                   5. **GENDER-BASED**
                                             **DISCRIMINATION**
19                                        6. **GENDER-BASED HARASSMENT**
                                          7. **FAILURE TO PREVENT**
20                                           **DISCRIMINATION AND**
                                             **HARASSMENT;**
21                                        8. **FAILURE TO CORRECT AND**
                                             **REMEDY DISCRIMINATION**
22                                           **AND HARASSMENT;**
                                          9. **RETALIATION IN VIOLATION OF**
23                                           **FEHA, FMLA & CFRA;**
                                          10. **WRONGFUL TERMINATION IN**
24                                            **VIOLATION OF PUBLIC POLICY;**
25                                        11. **INTENTIONAL INFLICTION OF**
                                             **EMOTIONAL DISTRESS;**
26                                        12. **NEGLIGENT INFLICTION OF**
                                             **EMOTIONAL DISTRESS.**
27

28

                                    1
                                COMPLAINT

| DEMAND FOR JURY TRIAL

Plaintiff MAUREEN GOLUB, by and through her counsel, claims and alleges as follows:

## PARTIES

1.      Plaintiff MAUREEN GOLUB (hereinafter "Plaintiff"), is an individual who, at all times relevant to this action, resided in Orange County, State of California.

2.      Plaintiff is informed, believes and thereupon alleges that Defendant ALLSPORT SPORTS BAR, INC. (hereafter "Defendant AllSport") is a California Corporation, lawfully doing substantial business in Orange County, State of California and was Plaintiff's employer at all times relevant herein.

3.      Plaintiff is informed, believes and thereupon alleges that Defendant DAVID GRIFFIS (hereafter "Defendant Griffis") is the Owner of Defendant AllSport and, based upon information and belief, is a resident of Orange County, State of California, at all times relevant herein.

4.      Plaintiff is informed, believes and thereupon alleges that Defendant LAURIE CARTER (hereafter "Defendant Carter") is a Manager at Defendant AllSport and, based upon information and belief, is a resident of Orange County, State of California, at all times relevant herein.

5.      Plaintiff is further informed and believes and thereon alleges that Defendant Griffis was and at all times mentioned herein did completely control, dominate, manage and/or operate Defendant AllSport as his alter ego, such that any separateness between them has ceased to exist and recognition of the form of Defendant AllSport would operate as a sham because it is the alter ego of Defendant Griffis, to wit:

   a. At all relevant times, there existed a unity of interest and ownership between them such that any individuality and separateness between them has ceased. Because either the company was inadequately capitalized or it was a mere shell, instrumentality and conduit through which Defendant Griffis carried on his business, exercising complete control and dominance over such business that any

2
COMPLAINT

1   individuality and separateness did not exist, assets were commingled or Defendant

2   Griffis used such corporate assets for their personal use, or caused the corporate

3   assets to be transferred to them without adequate consideration, withdrew funds

4   from the bank accounts for their person use and/or intermingled assets, liabilities,

5   and obligations between the two.

6   b.  It would sanction a fraud or promote injustice to uphold the corporate entity of

7   Defendant AllSport and allow Defendant Griffis to escape personal liability for its

8   debts.

9   6.      The true names and/or capacities, whether individual, corporate, associate, or

10   otherwise of Defendants Does 1 - 25, inclusive, are currently unknown to Plaintiff, who therefore

11   now sues said Defendants pursuant to *California Civil Code* section 474 by such fictitious names.

12   Plaintiff will seek leave to amend this Complaint to insert their true names and/or capacities upon

13   ascertainment, or alternatively, conform the pleadings to proof at the time of arbitration.  Plaintiff

14   is informed and believes and thereupon alleges that at all times relevant herein each such

15   fictitiously named Defendant was and is responsible in some manner for the occurrences herein

16   alleged, and that Plaintiff's injuries and/or damages were and are directly and/or proximately

17   caused thereby.

18   7.      Plaintiff is informed and believes and thereupon alleges that each such fictitiously

19   named Defendant is directly and/or indirectly liable on one or more of the causes of action set forth

20   herein. Defendant AllSport, individual Defendants and Does 1 through 25 are sometimes referred

21   to collectively herein as "Defendants."

22   8.      Plaintiff is informed and believes, and thereupon alleges, that except as may

23   otherwise be required or presumed by law, at all times herein mentioned, each and every one of

24   the Defendants was the agent, servant, employee and/or joint venturer of his/her/its co-Defendant,

25   and was, as such, in doing the things hereinafter mentioned, acting within the scope, course and

26   authority of such agency, employment and/or joint venture.

27   **GENERAL ALLEGATIONS**

28   9.      By this reference, Plaintiff alleges and incorporates herein each and every

3

**COMPLAINT**

1 | allegation set forth in all previous paragraphs of the Complaint.

2 | 10. In or around March of 2012, Plaintiff became employed by Defendant AllSport as

3 | a Bartender. Plaintiff's duties included, but were not limited to, serving drinks to customers of

4 | Defendant AllSport.

5 | 11. Throughout Plaintiff's employment at Defendant AllSport, she performed her

6 | duties diligently and responsibly. In fact, prior to the incidents of discrimination and harassment,

7 | Plaintiff was never subjected to any disciplinary action. She was a hardworking employee who

8 | valued and cared for her job. However, instead of recognizing Plaintiff's service and passion for

9 | her work, Defendant AllSport, including Defendants Griffis and Carter, subjected Plaintiff to

10 | discriminatory, harassing and retaliatory conduct on the basis of her reported pregnancy and

11 | pregnancy-related leaves.

12 | 12. On or about November 25, 2013, Plaintiff found out that she was pregnant. Plaintiff

13 | then informed Defendants about her pregnancy, her expected date of delivery, and her forthcoming

14 | maternity leave.

15 | 13. At first, things seemed to be working out fine. Plaintiff worked at nights so she

16 | would not miss an appointment with her doctor. Going on maternity leave also seemed fine by

17 | Defendants. Plaintiff had her last day of work on or about July 10, 2014.

18 | 14. On July, 24, 2014, Plaintiff delivered her baby through caesarian section.

19 | 15. On or about August 25, 2014, Plaintiff went to Defendants' Sports Bar to pick up

20 | her pay check. She likewise spoke with Defendant Carter about her maternity leave and asked how

21 | many weeks she was allowed to take. Defendant Carter claimed she was not familiar with such

22 | matters but assured Plaintiff that she would check it out and would let her know the soonest. It

23 | would soon prove that Defendant Carter's statement was nothing but mere lip-service as Plaintiff

24 | would never hear back from her again. From that point on and until the day of Plaintiff's eventual

25 | illegal termination, much to Plaintiff's distress and dismay, Defendants deliberately failed to

26 | respond. Plaintiff repeatedly tried reaching Defendant Carter but the latter kept on ignoring her

27 | text messages and phone calls.

28 | 16. On or about September 16, 2014, Plaintiff sent Defendant Carter a text message

4

COMPLAINT

asking if she could come back to work once her baby reached 12 weeks old. Plaintiff also asked if she could work only on Thursday nights instead of her regular Monday-Tuesday-Thursday night's schedule as she and her husband were still fixing their respective schedules in looking after their baby. Again, Defendant Carter never responded to Plaintiff.

17.     On or about September 22, 2014, Plaintiff sent Defendant Carter a text message asking if she had discussed with Defendant Griffis about Plaintiff's schedule request. The next day, September 23, 2014, Defendant Carter responded, saying "no, but [she] would see [Defendant Griffis] the following day." Once again, Plaintiff never heard back from Defendant Carter as she promised.

18.     Two (2) weeks later, on or about October 6, 2014, Plaintiff sent Defendant Carter a text message inquiring about Defendant Griffis's decision regarding her request, to which Plaintiff received no response at all.

19.     On or about October 8, 2014, Plaintiff received a letter from the State of California's Employment Development Department extending her leave for another six (6) weeks for "family bonding". On the same day, Plaintiff sent Defendant Carter a text message informing her of this leave extension and that she would report back to work on November 6, 2014. To Plaintiff's dismay, Defendant Carter never responded.

20.     A week thereafter, on or about October 14, 2014, Plaintiff, feeling extremely anxious about the apparent and deliberate neglect from Defendants, again sent a text message to Defendant Carter to confirm if her requests were approved. As usual, Plaintiff received no response.

21.     The following day, October 15, 2014, Plaintiff sent another text message saying she knew Defendant Carter was busy but would just wanted to know what was going on with her schedule. Receiving no response, Plaintiff tried to call Defendant Carter but Defendant Carter did not pick up her phone. Plaintiff likewise tried to leave Defendant Carter a voice message but her mailbox was full. Exasperated, Plaintiff sent a text message to Defendant Carter once again, only to be dismayed further by the latter's indifference.

22.     On or about October 18, 2014, Plaintiff called Defendant Carter at the Sports Bar

5
COMPLAINT

1  after receiving a text message from a customer informing her that Defendant Carter was there.

2  Defendant Carter claimed she had not had a chance to talk with Defendant Griffis but would see

3  and talk to the Defendant Griffis on October 23, 2014.

4      23.    Plaintiff sent Defendant Carter a text message on or about October 23rd and October

5  27th to follow up, receiving no response on both instances.

6      24.    On or about October 29, 2014, Plaintiff tried to call Defendants Carter and Griffis

7  but could not reach either of them. She left voice messages but neither called back nor responded

8  with a simple text message. She sent Defendant Carter one final text message but still received no

9  response. At this point, Plaintiff could only find herself crying with all the distress she had been

10  made to go through by Defendants' apparent harassment, discrimination and retaliation against

11  her. Plaintiff became so miserable and felt helpless by Defendants' total disregard to her rights as

12  a working mother who had just given birth to an innocent child.

13      25.    Finally, on or about November 3, 2014, after months of mounting anxiety,

14  frustration and misery over her mistreatment by Defendants, Plaintiff received a text message from

15  Defendant Carter confirming her worst fear and suspicion, stating: "I talked to Dave (Defendant

16  Griffis) and he said that he already hired someone to cover the shifts and he does not want to have

17  to let them go just to bring you back to work…".

18      26.    Evidently, the acts committed by Defendant AllSport were done to harass,

19  discriminate and retaliate against Plaintiff because of her reported pregnancy and for taking

20  pregnancy and maternity-related leaves. Defendants' action also harassed and offended Plaintiff

21  as a woman, giving rise to her claim for gender-based discrimination and/or harassment. Plaintiff

22  was clearly exposed to Defendants' differential treatment and a persistent denial of employment

23  because of her sex and the gender stereotypes perpetrated by Defendants upon women with

24  children.

25      27.    Ultimately, Plaintiff's employment with Defendant AllSport was unlawfully

26  terminated without real, substantial, and compelling reason.

27      28.    In view of the foregoing, Defendants' conduct caused Plaintiff such

28  embarrassment, humiliation, grief and emotional distress, forcing Plaintiff to seek medical

6

COMPLAINT

1    attention.  In addition, Plaintiff has lost and continues to lose income and benefits as a result of

2    Defendants' conduct.

3    **FIRST CAUSE OF ACTION**

4    **PREGNANCY DISCRIMINATION**

5    **AGAINST DEFENDANT ALLSPORT**

6         29.    Plaintiff alleges and incorporates herein by this reference each and every allegation

7    set forth in all previous paragraphs of the Complaint as if fully set forth herein.

8         30.    Plaintiff was at all times hereto an "employee" within the meaning of California

9    Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

10   prohibit pregnancy discrimination in employment.

11        31.    Defendant AllSport was at all material times an "employer" as defined by

12   California Government Code § 12926(d) and within the meaning of California Government Code

13   §§ 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the

14   basis of pregnancy, as set forth in California Government Code § 12940.

15        32.    Defendant AllSport has discriminated against Plaintiff on the basis of her

16   pregnancy in violation of California Government Code §§ 12940(a) and (c), Article I of the

17   California Constitution and related statutes, by engaging in the course of conduct more fully set

18   forth in the General Allegations and all paragraphs stated above.

19        33.    As a result of Defendant AllSport's unlawful discrimination against Plaintiff,

20   Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish,

21   emotional and physical distress; and (b) loss of past and future earnings, and employment benefits

22   and opportunities, on account of which Plaintiff is entitled to compensatory damages.  The exact

23   amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

24   unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

25   information, or will prove the same at the time of trial.

26        34.    As more fully set forth above, the pregnancy discrimination by Defendant AllSport

27   was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a

28   conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy

7

COMPLAINT

1  Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud,

2  and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive

3  or exemplary damages in an amount sufficient to punish and make an example out of Defendant.

4  <u>**SECOND CAUSE OF ACTION**</u>

5  **PREGNANCY HARASSMENT**

6  **AGAINST ALL DEFENDANTS**

7  35.   Plaintiff alleges and incorporates herein by this reference each and every allegation

8  set forth in all previous paragraphs of the Complaint.

9  36.   Plaintiff was at all times hereto an "employee" within the meaning of California

10  Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

11  prohibit pregnancy harassment in employment.

12  37.   Defendant AllSport was at all material times an "employer" within the meaning of

13  California Government Code § 12926(d) and California Government Code §§ 12940(a) and (c)

14  and, as such, was barred from harassing and discriminating in employment decisions on the basis

15  of pregnancy possessed or thought to be possessed by an employee, as set forth in California

16  Government Code § 12940.20.

17  38.   Individual Defendants Griffis and Carter are the managerial and/or supervisory

18  employees of Defendant AllSport, and as such, owed a duty to the Plaintiff to refrain from

19  engaging in harassment and to take all reasonable steps to prevent and correct unlawful pregnancy

20  discrimination and harassment in the workplace.

21  39.   Defendants harassed Plaintiff on the basis of pregnancy, in violation of California

22  Government Code §§ 12940(a) and (c), Article I of the California Constitution and related statutes

23  by engaging in the course of conduct more fully set forth in the General Allegations stated above.

24  40.   As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered

25  (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past

26  and future earnings and employment benefits and opportunities; all on account of which Plaintiff

27  is entitled to compensatory damages. The amount and nature of such damages exceed the

28  jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

8
COMPLAINT

1   to amend this Complaint upon ascertaining such information, or will prove the same at the time of

2   trial.

3       41.     As more fully set forth above, the pregnancy harassment by Defendants was

4   committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

5   disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so

6   as to cause the injuries sustained by Plaintiff.  Such acts amounted to oppression, fraud, and

7   malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or

8   exemplary damages in an amount sufficient to punish and make an example out of Defendants.

9                          **THIRD CAUSE OF ACTION**

10                   **FAILURE TO ACCOMMODATE PREGNANCY**

11                        **AGAINST DEFENDANT ALLSPORT**

12      42.     Plaintiff alleges and incorporates herein by this reference each and every allegation

13   set forth in all previous paragraphs of the Complaint.

14      43.     Plaintiff at all times hereto was an "employee" within the meaning of California

15   Government Code §12926(c) and California Government Code §§12940 (a) and (c), which

16   prohibit pregnancy harassment/discrimination in employment.

17      44.     Defendant AllSport was at all material times an "employer" within the meaning of

18   California Government Code §12926(d) and California Government Code §§12940(a) and (c),

19   and, as such, was barred from harassing/discriminating against Plaintiff on the basis of pregnancy,

20   as set forth in California Government Code §12940.

21      45.     At the time of Plaintiff's employment with Defendant AllSport, she is confirmed to

22   be pregnant, which requires her to take pregnancy-related leaves, as well as other pregnancy-

23   related needs.

24      46.     Despite having knowledge of Plaintiff's pregnancy, Defendant AllSport failed to

25   provide Plaintiff with a reasonable accommodation for her pregnancy-related needs.

26      47.     As a proximate result of Defendant AllSport's failure to accommodate Plaintiff's

27   pregnancy-related needs, Plaintiff has suffered (a) humiliation, serious mental anguish, and

28   emotional and physical distress; and (b) loss of past and future earnings, and employment benefits

9

COMPLAINT

1  and opportunities; all on account of which Plaintiff is entitled to compensatory damages. The

2  amount and nature of such damages exceed the jurisdictional limits of this court, but are presently

3  unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such

4  information, or will prove the same at the time of trial.

5      48.     As more fully set forth above, Defendant AllSport's failure to accommodate

6  Plaintiff's pregnancy-related needs was committed intentionally, maliciously, wantonly,

7  oppressively, and fraudulently with a conscious disregard of Plaintiff's rights and with the intent

8  to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, such

9  acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294.

10  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

11  and make an example out of Defendant.

12                          **FOURTH CAUSE OF ACTION**

13            **FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS OF**

14                    **ACCOMMODATION OF PREGNANCY**

15                       **AGAINST DEFENDANT ALLSPORT**

16      49.     Plaintiff alleges and incorporates herein by this reference each and every allegation

17  set forth in all previous paragraphs of the Complaint.

18      50.     Plaintiff was at all times hereto an "employee" within the meaning of California

19  Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit

20  pregnancy/medical condition harassment/discrimination in employment.

21      51.     Defendant AllSport was at all material times an "employer" within the meaning of

22  California Government Code §12926(d) and California Government Code §§ 12940(a) and (c)

23  and, as such, was barred from harassment/discrimination of Plaintiff on the basis of pregnancy,

24  perceived pregnancy, or medical condition possessed or thought to be possessed by an employee,

25  as set forth in California Government Code §12940.

26      52.     At the time of Plaintiff's employment with Defendant AllSport, she was suffering

27  from a condition that substantially limits her major life activities.

28      53.     Despite having notice of Plaintiff's condition, and notice of Plaintiff's request for

1   a reasonable accommodation, Defendant AllSport failed to engage in a timely, good faith,

2   interactive process with Plaintiff to determine effective reasonable accommodations in violation

3   of California Government Code §12940(n).

4       54.   As a result of Defendant AllSport's failure to engage in the interactive process of

5   accommodation of her known pregnancy, Plaintiff has suffered and continues to suffer (a)

6   substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss

7   of past and future earnings, and employment benefits and opportunities, on account of which

8   Plaintiff is entitled to compensatory damages. The exact amount and nature of such damages

9   exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either

10   seek leave to amend this Complaint upon ascertaining such information, or will prove the same at

11   the time of trial.

12       55.   As more fully set forth above, Defendant AllSport's failure to engage in the

13   interactive process to accommodate Plaintiff's known pregnancy was committed intentionally,

14   maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's

15   rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries

16   sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in

17   California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in

18   an amount sufficient to punish and make an example out of Defendant.

19                     **FIFTH CAUSE OF ACTION**

20               **GENDER-BASED DISCRIMINATION**

21               **AGAINST DEFENDANT ALLSPORT**

22       56.   Plaintiff alleges and incorporates herein by this reference each and every allegation

23   set forth in all previous paragraphs of the Complaint.

24       57.   Plaintiff was at all times herein an "employee" within the meaning of California

25   Government Code §§ 12926(c) and California Government Code §§ 12940(a) and (c).

26       58.   Defendant AllSport was at all material times an "employer" within the meaning of

27   California Government Code §§ 12926(d) and California Government Code §§ 12940(a) and (c)

28   and, as such, was barred from discriminating in employment decisions on the basis of sex (gender).

11

COMPLAINT

1 | as set forth in California Government Code § 12940.

2 | 59.   Defendant AllSport has discriminated against Plaintiff on the basis of sex (gender),

3 | in violation of California Government Code §§ 12940(a) and (j)(1), Article I of the California

4 | Constitution and related statutes by engaging in the course of conduct more fully set forth in the

5 | General Allegations stated above.

6 | 60.   As a result of Defendant AllSport's gender-based discrimination against Plaintiff,

7 | Plaintiff has suffered (a) humiliation, serious mental anguish, and emotional and physical distress;

8 | and (b) loss of past and future earnings and employment benefits and opportunities; all on account

9 | of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such

10 | damages exceed the jurisdictional limit of this court, but are presently unknown to Plaintiff, who

11 | will either seek leave to amend this Complaint upon ascertaining such information, or will prove

12 | the same at time of trial.

13 | 61.   As more fully set forth above, the gender-based discrimination by Defendant

14 | AllSport was done intentionally, maliciously, wantonly, oppressively, and fraudulently with a

15 | conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy

16 | Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil

17 | Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount

18 | sufficient to punish and make an example out of Defendant.

19 | ### SIXTH CAUSE OF ACTION

20 | ### GENDER-BASED HARASSMENT

21 | ### AGAINST ALL DEFENDANTS

22 | 62.   Plaintiff alleges and incorporates herein by this reference each and every allegation

23 | set forth in all previous paragraphs of the Complaint.

24 | 63.   Plaintiff was at all times hereto an "employee" within the meaning of California

25 | Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which

26 | prohibit disability harassment in employment.

27 | 64.   Defendant AllSport was at all material times an "employer" within the meaning of

28 | California Government Code § 12926(d) and California Government Code §§ 12940(a) and (c)

12

COMPLAINT

1  and, as such, was barred from harassing and discriminating in employment decisions on the basis

2  of disability possessed or thought to be possessed by an employee, as set forth in California

3  Government Code § 12940.20.

4      65.    Individual Defendant Carter is the manager of Defendant AllSport, and as such,

5  owed a duty to the Plaintiff to refrain from engaging in harassment and to take all reasonable steps

6  to prevent and correct unlawful nonsexual gender harassment in the workplace.

7      66.    Defendants harassed Plaintiff on the basis of sex (gender), in violation of California

8  Government Code §§ 12940(a) and (c), Article I of the California Constitution and related statutes

9  by engaging in the course of conduct more fully set forth in the General Allegations stated above.

10      67.    As a proximate result of Defendants' harassment of Plaintiff, Plaintiff has suffered

11  (a) humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past

12  and future earnings and employment benefits and opportunities; all on account of which Plaintiff

13  is entitled to compensatory damages. The amount and nature of such damages exceed the

14  jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave

15  to amend this Complaint upon ascertaining such information, or will prove the same at the time of

16  trial.

17      68.    As more fully set forth above, the disability harassment by Defendant was

18  committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious

19  disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as

20  to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice,

21  as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary

22  damages in an amount sufficient to punish and make an example out of Defendants.

23  <u>SEVENTH CAUSE OF ACTION</u>

24  **FAILURE TO PREVENT UNLAWFUL DISCRIMINATION AND HARASSMENT**

25  **AGAINST DEFENDANT ALLSPORT**

26      69.    Plaintiff alleges and incorporates herein by this reference each and every allegation

27  set forth in all previous paragraphs of the Complaint.

28      70.    Defendant AllSport failed to take all reasonable steps to prevent the discrimination

13

COMPLAINT

1  against and harassment and retaliation of Plaintiff from occurring, in violation of California

2  Government Code § 12940(k), by engaging in the course of conduct set forth in the General

3  Allegations and all paragraphs stated above, among other things.

4      71.    Specifically, Defendant AllSport failed to take any meaningful preventative action

5  against those managers, supervisors, and employees who were harassing Plaintiff or enabling

6  others to discriminate against and harass Plaintiff. If the Defendant has a written policy addressing

7  the issue of sexual harassment, the policy is not enforced and is consistently disregarded.

8      72.    As a result of Defendant AllSport's failure to prevent the unlawful discrimination

9  against and harassment of Plaintiff, Plaintiff has suffered and continue to suffer substantial (a)

10  humiliation, serious mental anguish and emotional and physical distress; and (b) loss of past and

11  future earnings, and employment benefits and opportunities, on account of which Plaintiff is

12  entitled to compensatory damages, the exact amount and nature of which exceeds the jurisdictional

13  limits of this court but is presently unknown to Plaintiff, who will either seek leave to amend this

14  complaint upon ascertaining such information, or will prove the same at the time of trial.

15      73.    As more fully set forth above, Defendant AllSport's failure to prevent the unlawful

16  discrimination and harassment was intentional, malicious, wanton, oppressive, and fraudulent,

17  with conscious disregard of Plaintiff's rights and with the intent to vex, injure, punish, and annoy

18  Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil

19  Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount

20  sufficient to punish and make an example out of Defendants.

21                      **EIGHTH CAUSE OF ACTION**

22  **FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT**

23                      **AGAINST DEFENDANT ALLSPORT**

24      74.    Plaintiff alleges and incorporates herein by this reference each and every allegation

25  set forth in all previous paragraphs of the Complaint.

26      75.    Defendant AllSport failed to take all reasonable steps to investigate, correct and

27  remedy the harassment of and discrimination against Plaintiff, in violation of California

28  Government Code § 129400(j), by engaging in the course of conduct set forth in the General

Allegations and all paragraphs stated above, among other things.

76.    Specifically, Defendant AllSport was aware that Plaintiff was continuously harassed and discriminated against, yet Defendant AllSport failed to further investigate and to take immediate and appropriate corrective action to remedy the harassment and discrimination suffered by Plaintiff or to correct those managers, supervisors and employees who were allowing others to harass and discriminate Plaintiff.

77.    As a result of Defendant AllSport's failure to investigate, correct or remedy the unlawful discrimination and harassment of Plaintiff, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental anguish, and emotional and physical distress; and (b) loss of past and future earnings, and employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory damages. The exact amount and nature of such damage exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

78.    As more fully set forth above, Defendant AllSport's failure to correct or remedy the unlawful harassment and discrimination was intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damage in an amount sufficient to punish and make an example out of Defendant.

## NINTH CAUSE OF ACTION

### RETALIATION IN VIOLATION OF FEHA, FMLA & CFRA

### AGAINST DEFENDANT ALLSPORT

79.    Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

80.    Under the Fair Employment and Housing Act ("FEHA"), Government Code §12940 et. seq., and more specifically, the California Family Rights Act ("CFRA") as well as FMLA, it is an unlawful employment practice for an employer to refuse to grant a request by any

15

COMPLAINT

1    employee to take up to 12 workweeks in any 12 month period for family and medical leave. It is

2    an unlawful employment practice for the employer to fail to guarantee, to each employee taking

3    family or medical leave employment in the same or comparable position at the end of the family

4    or medical leave. It is an unlawful employment practice for an employer to refuse to hire, to

5    discharge, fine, suspend, expel, discrimination or harass an employee because of an employee's

6    exercise of the right to family care and medical leave.

7      . 81.     At all times mentioned in this complaint, Defendant AllSport was employer and

8    employed more than 50 employees in a 75 mile radius of Plaintiff's place of work.

9      82.     Plaintiff's protected status under the FEHA is Plaintiff's exercise of and/or attempts

10   to exercise family and/or medical leave rights, and/or Plaintiff giving information and/or testimony

11   in an inquiry and/or proceedings related to rights guaranteed under the California Family Rights

12   Act. Plaintiff complied with all applicable notice requirements, if any, of Defendant AllSport, and

13   of the California Family Rights Act.

14      83.     Defendant AllSport knew, perceived, and/or believed that Plaintiff had the

15   aforementioned protected status, described hereinabove.

16      84.     Defendant AllSport failed and refused to comply with the California Family Rights

17   Act, as described hereinabove. Defendant AllSport failed to guarantee Plaintiff's employment in

18   the same or comparable position at the end of family or medical leave; and/or refused to hire,

19   discharged, fined, suspended, expelled, demoted, constructively discharged, refused to promote,

20   failed to reinstate, discriminated against and/or harassed Plaintiff because of Plaintiff's exercise of

21   and/or attempts to exercise family and/or medical leave rights and/or because of Plaintiff's giving

22   information and/or testimony as to plaintiff's family and medical leave in an inquiry and/or

23   proceedings related to rights guaranteed under the California Family Rights Act.

24      85.     Plaintiff's exercise of, attempts to exercise and/or cooperation in providing

25   information for family and medical leave was a motivating factor in Defendant AllSport's

26   aforementioned decisions that were adverse to Plaintiff. Plaintiff's exercise of, attempts to exercise

27   and/or cooperation in providing information for family and medical leave was a motivating factor

28   in Defendant AllSport's aforementioned decision to actually refuse to hire Plaintiff; refuse to

1  employ Plaintiff, failure to reinstate Plaintiff, failure to guarantee Plaintiff's employment in the

2  same or similar position after family and medical leave, discriminate against Plaintiff, fine

3  Plaintiff, suspend Plaintiff, and/or harass Plaintiff.

4      86.    As a direct, legal, and proximate cause of Plaintiff's aforementioned protected

5  status, Defendants discriminated and harassed Plaintiff by engaging in the course of conduct set

6  forth in the General Allegations and all paragraphs stated above, amongst other things.

7      87.    As a result of Defendants' above referenced discrimination, harassment, and

8  retaliation, Plaintiff has suffered and continues to suffer (a) substantial humiliation, serious mental

9  anguish, and emotional and physical distress; and (b) loss of past and future earnings, and

10  employment benefits and opportunities, on account of which Plaintiff is entitled to compensatory

11  damages. The exact amount and nature of such damages exceed the jurisdictional limits of this

12  court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint

13  upon ascertaining such information, or will prove the same at the time of trial.

14      88.    As more fully set forth above, Defendant AllSport's above referenced

15  discrimination, harassment, and retaliation was committed intentionally, maliciously, wantonly,

16  oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent

17  to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such

18  acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294.

19  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish

20  and make an example out of Defendant.

21  **TENTH CAUSE OF ACTION**

22  **WRONGFUL TERMINATION**

23  **AGAINST DEFENDANT ALLSPORT**

24      89.    Plaintiff re-alleges and incorporates herein by this reference each and every

25  allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

26      90.    Defendant AllSport violated the Fair Employment and Housing Act (FEHA),

27  California Government Code § 12940 et seq. by wrongfully terminating Plaintiff's employment

28  because of her pregnancy.

17

COMPLAINT

91.     The aforementioned acts of Defendant AllSport constitute wrongful termination in violation of public policy.

92.     As a result of Defendant AllSport' wrongful conduct, Plaintiff has suffered and continues to suffer from (a) substantial humiliation, serious mental anguish, emotional and physical distress, (b) loss of past and future earnings, employment benefits and opportunities, which Plaintiff is entitled to as compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

93.     As more fully set forth above, the acts of Defendant AllSport were intentional, malicious, wanton, oppressive and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code §3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## ELEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### AGAINST ALL DEFENDANTS

94.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

95.     Defendants engaged in pregnancy discrimination against Plaintiff, and aided and abetted each other in engaging in illegal discrimination and harassment, thereby subjecting Plaintiff to the intentional infliction of emotional distress caused by such discrimination and harassment in violation of California Government Code § 12940.

96.     Defendant AllSport failed to take immediate and appropriate remedial action to respond to Plaintiff's complaints of discrimination and harassment. Instead, Defendant AllSport ignored Plaintiff's request that the behavior be dealt with and allowed Plaintiff to be subjected to retaliatory action.

97.     The acts of Defendants as described herein were extreme and outrageous and an abuse of the authority and position of Defendants, and each of them. Such conduct was intended to cause severe emotional distress, or was done with conscious disregard for the probability of causing such distress. Such conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace. Defendant AllSport and its employees, the above-named individual Defendants, abused their positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the message that she was powerless to defend her rights.

98.     As a proximate result of the aforementioned acts, Plaintiff has suffered embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress. Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained. Plaintiff will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

99.     As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

## TWELFTH CAUSE OF ACTION

### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

### AGAINST ALL DEFENDANTS

100.    Each of the above paragraphs contained in this Complaint is hereby incorporated by reference at this point as if set forth herein full at length.

101.    In carrying out the above conduct, Defendants, and their employees and agents, breached the duty owed to Plaintiff to provide a workplace free from discrimination, harassment, and retaliation, and abused their positions of authority towards her. Said conduct exceeded the inherent risks of employment and was not the sort of conduct normally expected to occur in the workplace.

COMPLAINT

102.   Defendants, and their employees and agents knew, or should have known that the above conduct would cause Plaintiff serious emotional distress. As a proximate result of Defendants negligent conduct, Plaintiff suffered and will continue to suffer extreme humiliation, embarrassment, anxiety, mental anguish, and emotional distress in an amount according to proof.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1.   Compensatory and actual damages in an amount to be proven at the time of trial;

2.   For costs of the suit incurred herein;

3.   For punitive and exemplary damages in an amount to be proven at the time of trial;

4.   For reasonable attorney's fees pursuant to California Government Code § 12965 (b); and,

5.   For such other relief as the court may deem proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands jury trial in this matter.

Dated: August 12, 2015                    MESRIANI LAW GROUP
                                          A PROFESSIONAL LAW CORPORATION


                              By: _____
                                          PEGAH SHARIFI, ESQ.
                                          Attorney for Plaintiff MAUREEN GOLUB

20
COMPLAINT